## Olaf N. Tevander, Defendant in Error, v. Winslow R. Parsons, Plaintiff in Error.

### Gen. No. 15,354.

FINDINGS OF COURT—*when not disturbed.* Findings by the court will not be set aside on review if after a careful review of the record the Appellate Court is convinced that the findings of the trial court were warranted by the evidence and that no errors were committed in the admission of testimony or otherwise.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 3, 1911.

A. M. McCONOUGHEY, for plaintiff in error.

FLANNERY & McKINLEY, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

This is an action of *assumpsit* brought by the defendant in error against the plaintiff in error for an over-payment of $33 alleged to have been made on the contract price for a press sold by Tevander to Parsons on the installment plan. The contract provided that the title to the property should be retained in the vendor until payments aggregating $420 had been made in monthly installments of $15, at which time the vendee was to have the privilege of purchasing the press for the additional sum of $12. The contract further provided that Tevander was to make metal boxes, in accordance with a sample furnished, and deliver the same to Parsons at 5 cents each; that the contract should cover all metal boxes required in Parsons' business during five years from May 1, 1906; if Tevander failed, the press and all dies and tools necessary to make the boxes were to become the prop-

erty of Parsons on the payment of $1; if Parsons failed he was to sell the press to Tevander for $1. If Tevander failed to perform and Parsons took over the press and dies Parsons was to refund the amount paid on the press less a reasonable amount for its previous use; and the contract also provided that in case Tevander desired to japan the metal boxes, he was to be paid seven and one-half cents each and make deliveries at Parsons' factory in Chicago. The boxes were to be ordered in lots of 50,000 at least sixty days prior to the commencement of deliveries. It was claimed by Tevander that he could not make any money on the contract if all boxes were delivered unjapanned, and he, therefore, before making any deliveries, exercised his option to japan all the boxes, thus fixing the price at seven and one-half cents per box. Parsons afterwards desired some unjapanned boxes; these were made and were paid for at five and one-half cents each. Tevander made and delivered 66,540 boxes and rendered bills therefor, from which there were deducted thirty-one installments of $15 each, aggregating $33 more than the purchase price of the press.

The trial court held that the contract in writing was in full force and effect at the time of commencement of the suit; that the plaintiff did not fail or refuse to carry out the terms of said contract on his part; that any and all variance on the part of the plaintiff from the terms of the contract was waived by the defendant; that all unjapanned boxes made by the plaintiff were sold and delivered to the defendant at five and one-half cents each, and not under the contract in writing; that full payment was made by the plaintiff to the defendant prior to the commencement of this suit, of the sum of $432, the purchase price of the press, and that Parsons deducted from the bills for boxes $33 in excess of the purchase price of the press.

A careful review of the record in this case convinces us that the findings of the trial court are warranted

by the evidence and that no errors were committed in the admission of testimony or otherwise. The judgment is therefore affirmed.

*Judgment affirmed.*